NO. 07-04-0480-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 2, 2006

_____

ANTONIO SCHMIDT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 15510-0405; HONORABLE ED SELF, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Antonio Schmidt was convicted by a jury of retaliation and sentenced to seven years confinement and a $7,000 fine. Presenting two points of error, appellant contends (1) the evidence is legally and factually insufficient to

support the charged retaliation, and (2) the trial court erred in failing to instruct the jury on the lesser included offenses of misdemeanor assault. We reverse and render.

Appellant assaulted his girlfriend, Kimberly Lee, after learning that she gave a statement to police. The assault took place at appellant's mother's house in Plainview where they were staying. Kimberly testified that on the morning of May 10, 2001, appellant began "yelling . . . and screaming" at her because he had learned from her friend's sister that she had provided a written statement to the Plainview police regarding "some stuff that happened" when they were in Dallas.[1] At one point, she heard appellant say, "You stupid bitch. I'm probably going to have to do time because of you." Kimberly went outside onto the front porch to smoke. Appellant remained inside the house calling out her name, but she ignored him.

A short time later, appellant came outside, grabbed Kimberly by the arms, and pushed her down onto the wooden porch, causing her to hit her head. As she lay on the porch, appellant kicked her in her back and stomach. He then dragged her across the porch by her hair and punched her in the face with his fist. Eventually, Kimberly re-entered the house and attempted to use the phone to call her mother. However, appellant took the phone away from her and threw it across the room. She then ran to the back room and told appellant's mother, Hope, what had just happened. Hope told her to lock herself in the bathroom, which she did. When appellant was gone, Kimberly left through the back door

---

[1]The events that were alleged to have occurred in Dallas were not disclosed at trial.

and was taken back to her house where she contacted the police. Hope testified that, at the time of the assault, she was in the back room listening to the radio and was unable to hear the events that took place. Appellant was subsequently arrested and charged with retaliation, a third degree felony.

By his first point, appellant contends the evidence is legally and factually insufficient to support his conviction because there is no evidence he intentionally or knowingly threatened to harm Kimberly as alleged in the indictment. We agree.

When both the legal and factual sufficiency of the evidence are challenged, we first review whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is proven beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004-05); Tex. Pen. Code Ann. § 2.01 (Vernon 2003). When conducting a legal sufficiency review, we determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). We conduct this analysis by considering all the evidence before the jury—whether proper or improper—so that we can make an assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512 (Tex.Cr.App. 1996). We must uphold the jury's verdict unless it is

irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

In order to determine whether the evidence is sufficient to support appellant's conviction, we must first review the elements the State was required to prove. Section 36.06 of the Penal Code provides that a person commits the offense of retaliation if he "intentionally or knowingly *harms or threatens to harm* another by an unlawful act" in retaliation for or on account of the service or status of another as a prospective witness. Tex. Pen. Code § 36.06(a)(1)(A) (Vernon Supp. 2005) (emphasis added). Harm is defined as "anything reasonably regarded as loss, disadvantage, or injury." *Id.* at § 1.07(a)(25). However, the term "threatens" is not statutorily defined. Applying the basic rules of statutory construction, when a statutory term is not directly defined, it is to be read in context and construed according to its plain and ordinary meaning. *See* Tex. Gov't Code § 311.011(a) (Vernon 2005); Vernon v. State, 841 S.W.2d 407, 409 (Tex.Cr.App. 1992). A threat is defined as "[a] communicated intent to inflict harm or loss on another." *Black's Law Dictionary* 1519 (8th ed. 2004). Threaten means "to utter threats against" or "to give signs or warning of." *Merriam-Webster's Collegiate Dictionary* 1302 (11th ed. 2003). Therefore, in the context of section 36.06(a), a defendant threatens harm when he gives signs or warnings or otherwise communicates an intent to inflict loss, disadvantage, or injury. *See* Tex. Pen. Code § 36.06(a).

4

Moreover, the language "harms or threatens to harm" implies that there are two statutory alternative manners of committing the offense of retaliation under section 36.06(a). When a controlling statute lists alternative manners of committing an offense, and the State, by indictment, limits the offense by alleging a specific manner by the defendant, the defendant may only be convicted based on the manner that is charged. Gollihar v. State, 46 S.W.3d 243, 254 (Tex.Cr.App. 2001) (citing Curry v. State, 30 S.W.3d 394, 404-05 (Tex.Cr.App. 2000)). In appellant's case, the State's indictment alleged the offense of retaliation as follows:[2]

> [appellant] . . . *did then and there* . . . intentionally or knowingly threaten to harm another, to-wit: Kimberly Lee, by an unlawful act, to-wit: striking the said Kimberly Lee, in retaliation for or on account of the services of the said Kimberly Lee as a prospective witness . . . .

Consequently, we must examine the record for any evidence appellant threatened to harm Kimberly due to her status as a prospective witness.

By its brief, the State directs us to several points in the record which it contends are sufficient to prove appellant threatened harm. First, it contends the fact that appellant pushed Kimberly is evidence that he threatened harm. Citing Moore v. State, 143 S.W.3d 305 (Tex.App.–Waco 2004, pet. ref'd), the State claims we should look at the acts, words, and conduct of the defendant, not those of the victim. However, the State's reliance on

---

[2]Similarly, the jury charge instructed that "a person commits the offense of retaliation if he intentionally or knowingly threatens to harm another by an unlawful act in retaliation for or on account of the service of a person as a prospective witness."

5

*Moore* here is misplaced. In *Moore*, the defendant was convicted of retaliation for threatening to harm a school superintendent who was withholding his wife's paycheck after she had resigned. *Id.* at 309. In reviewing the sufficiency of the evidence, the Court began its analysis by noting that a jury could consider the acts, words, and conduct of the accused to infer intent or knowledge, not, as the State contends, to determine whether or not he actually threatened harm. *See id.* at 310 (citing Hart v. State, 89 S.W.3d 61, 64 (Tex.Cr.App. 2002)). Also, *Moore* is not factually analogous because the evidence in that case revealed that the defendant verbally threatened to "kick [the superintendent's] butt" and "to come get [him]" after making bail. *Id.* There are no such threats in appellant's case. For these reasons, we do not find *Moore* to be persuasive authority that appellant threatened harm in the instant case by pushing.

Next, the State contends appellant threatened harm because Kimberly testified she felt threatened by appellant's actions. The State's position is based on the following exchange between the prosecutor and Kimberly at trial:

Q.     Did you feel threatened by the actions of Antonio Schmidt?

A.     Not really, because it wasn't the first time that it had happened.

Q.     Was this the worst time that it's happened?

A.     Yes.

Q.     Did you feel that he was going to hurt you?

A.     Yes. He was hurting me.

6

Q.     Do you consider it threatening when somebody attempts to hurt you?

A.     Yes.

Q.     So did you feel threatened by his actions?

A.     Yes.

Q.     Do you think somebody else in your shoes, laying down, curled up in a fetal position on a porch being kicked by him would have felt threatened?

A.     Yes.

Although the evidence shows that appellant in fact intentionally harmed Kimberly, her testimony does not constitute evidence that appellant threatened harm in this case. She initially testified she did not feel threatened. The prosecutor asked two hypothetical questions not specifically directed at the facts in the present case. When asked a second time whether she felt threatened while appellant was hurting her, Kimberly answered in the affirmative. In the context of section 36.06(a) and under the plain and ordinary definition of the term threaten, one cannot simultaneously be threatened with harm while the threatened harm is being inflicted. *See* Tex. Pen. Code § 36.06(a). Although the jury, as trier of fact, may choose to believe all, some, or none of a witness's testimony, Kimberly's testimony fails to establish that the threat preceded the actual harm. This being the case, we do not find it sufficient to establish appellant threatened harm as alleged.

Finally, the State claims, without citing any supporting authority, that just because the evidence may be sufficient to support the offense of assault, it does not mean that

appellant did not threaten Kimberly by "striking her with his hands or his foot." We disagree. In the absence of contrary authority, we hold that, by definition, in order for an act to constitute a threat to harm under section 36.06(a), the act must precede the actual infliction of harm.

Reviewing the State's evidence in the light most favorable to the prosecution, we do not find any evidence in the record which would enable a rational jury to conclude that appellant threatened to harm Kimberly due to her status as a prospective witness. Instead, the evidence suggests that appellant retaliated against Kimberly by assaulting her for giving a statement to the police. However, appellant was not charged with retaliation by harm. There is no evidence that appellant made any threatening communication or expression, verbal or otherwise, regarding his intent to harm Kimberly as alleged. As such, we find the evidence to be legally insufficient to prove retaliation by threat. Appellant's first point is sustained. Our disposition of this point pretermits our consideration of appellant's remaining points.

We reverse the trial court's judgment and render a judgment of acquittal.


Don H. Reavis
Justice


Do not publish.


8